FILED
JUN 28 2017
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) |
| v. | ) No. **4:17CR286 RLW** |
| KATHLEEN ESSICK, | ) ) |
| Defendant. | ) ) |

## INFORMATION

### COUNT I

The United States Attorney charges that:

1. Beginning in or about January of 2015, and continuing up to on or about June 28, 2016, in the Eastern District of Missouri and elsewhere,

**KATHLEEN ESSICK,**

the defendant, did knowingly and willfully devise and intend to devise a scheme and artifice to defraud WC, an individual, of money and property by material falsehoods and to obtain monies, funds, credits and properties belonging to WC by means of false and fraudulent pretenses, representations and promises, all of which were material.

2. The scheme and artifice and the manner and means of the scheme and artifice are described as follows:

3. From sometime before January 1, 2015 up to and including June 28, 2016, Kathleen Essick, the defendant, served as the executive assistant to WC who was a principal at an investment firm in Clayton, Missouri. Kathleen Essick was also an employee at that firm. WC traveled extensively and did business in several locations. In her capacity as WC's executive assistant, Kathleen Essick was authorized to write checks on WC's personal checking account in order to pay his personal bills. WC maintained a checking account at Central Bank of St. Louis located in Clayton. Kathleen Essick was authorized to use a stamp of WC's signature when writing checks on his account.

4. Kathleen Essick stole money from WC by writing a series of checks from WC's account that were for her personal benefit and were not authorized by WC Kathleen Essick deposited many of those unauthorized checks into her personal check account at Commerce Bank and made debit and check expenditures from her account for her benefit. Kathleen Essick created a pool of stolen money in cash by writing checks to cash on her personal account and cashing them.

5. Included in the expenditures of money stolen from WC were a series of cash and debit transactions at the David Yurman jewelry store located in Frontenac Plaza in St. Louis County, Missouri. From April through June, 2016, Kathleen Essick made jewelry purchases there totaling $34,700.00, more or less. In the debit transactions, money stolen from WC was transmitted by wire from Kathleen Essick's personal checking account at Commerce Bank to a David Yurman account in New York, New York.

6. Kathleen Essick stole $176,600.00, more or less, from WC. Kathleen Essick acted with the intent to defraud in writing and negotiating the unauthorized checks on WC's account in and in spending that money.

7. On or about May 12, 2016, in the Eastern District of Missouri and elsewhere,

**KATHLEEN ESSICK,**

the defendant, for purposes of executing the aforesaid scheme and artifice, and attempting to do so, did knowingly and willfully cause to be transmitted in interstate commerce certain signs, signals and sounds by means of a wire communication, that is a wire transfer of $5,000.00 in funds from her account at Commerce Bank in Clayton, Missouri, to the bank account of the David Yurman business entity in New York, New York.

In violation of Title 18, United States Code, Section 1343.

**FORFEITURE ALLEGATION**

The United States Attorney further alleges there is probable cause that:

Pursuant to Title 18, United States Code, Section 982(a)(2), upon conviction of an offense in violation of Title 18, United States Code, Section 1343 as set forth in Count One, the defendant shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation.

Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds traceable to said offense.

If any of the property described above, as a result of any act or omission of the defendant:

1. cannot be located upon the exercise of due diligence;

2. has been transferred or sold to, or deposited with, a third party;

3. has been placed beyond the jurisdiction of the court;

4. has been substantially diminished in value; or

5. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

Respectfully submitted,

CARRIE COSTANTIN
Acting United States Attorney

_____
JAMES E. CROWE, JR., #23196MO
Assistant United States Attorney
111 South 10th Street, Room 20.333
St. Louis, Missouri    63102
(314) 539-2200

UNITED STATES OF AMERICA )
EASTERN DIVISION )
EASTERN DISTRICT OF MISSOURI )

I, James E. Crowe, Jr., Assistant United States Attorney for the Eastern District of Missouri, being duly sworn, do say that the foregoing information is true as I verily believe.

_____
JAMES E. CROWE, JR.

Subscribed and sworn to before me this 12 day of June 2017.

_____
CLERK, U.S. DISTRICT COURT

By: _____
DEPUTY CLERK